UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

KATHRYN RODRIGUEZ, individually, and
KATHRYN RODRIGUEZ, on behalf of similarly
situated persons,

    Plaintiff,

v.

HIRSHBERG ACCEPTANCE CORP., and
MODERN FINANCIAL SERVICES, CORP.,

    Defendants.

Case No. 1:20-cv-877

**Hon. Hala Y. Jarbou**

**Magistrate Judge
Sally J. Bernes**

# PLAINTIFF'S MOTION
# FOR LEAVE TO FILE AN AMENDED COMPLAINT
# AND TO REMAND THE REMAINING STATE LAW CLAIMS BACK TO STATE
# COURT WHERE THE COMPLAINT WAS FILED

NOW COMES Plaintiff Kathryn Rodriguez and pursuant to Rule 15(a)(2) moves this Honorable Court for leave to file an amended complaint, a copy of which is attached here as Appendix 1, which removes the only federal claim, Count I, leaving the state law claims, and that the state law claims be remanded back to state court.

## MEMORANDUM IN SUPPORT

### INTRODUCTION

On December 9, 2020, Judge Neff entered an Order in *Rodriguez v. Hirshberg Acceptance Corp.* 1:18-cv-00240, ("*Hirshberg I*"), granting Plaintiff's motion for clarification, "to the extent that this Court confirms that the June 25, 2020 Order was a final order[.]" ECF No. 45, 1:18-cv-00240 PageID.242. Given that Order, the pending appeal to the Court of Appeals for the Sixth Circuit filed on December 1, 2020, in *Hirshberg I,* ECF No. 43, 1:18-cv-00240 PageID.236-237 , regarding the June 25, 2020 Order, and the duplicative FDCPA claim asserted in Count I of the

state court complaint, now removed, whether that FDCPA claim can move forward is now dependent upon the outcome of the appeal now pending before the Sixth Circuit in *Hirshberg I*.

Plaintiff attempted to obtain Defendants' concurrence to permit Plaintiff to simply withdraw her federal claim, but Defendants would not agree, and as such, Plaintiff suggesting stipulating to dismissing it without prejudice, but Defendants still would not agree, demanding a dismissal with prejudice. ECF 28-1, PageID.242-243. Plaintiff then filed a motion providing notice to the Court of the December 9, 2020 Order, Plaintiff's intention to dismiss without prejudice. ECF No. 28.

Defendants the next day filed their Objection, labeling Plaintiff's dismissal of the federal claim as being under Rule 41(a)(1)(A)(i). ECF No. 32, PageID.260. Plaintiff's counsel promptly reached out to Defendants' counsel stating, "Plaintiff is not dismissing without prejudice the FDCPA claim under Rule 41, as stated in Defendants' objection, but removing/dismissing Count I under Rule 15 from the complaint" and sought concurrence in this motion stating, "so that there is no misunderstanding with the Court, given Defendants' objection citing Rule 41." Appendix 2. Defendant's counsel responded, in part, "we do not consent to any disposition other than a dismissal with prejudice of the FDCPA claim." Id.

**ARGUMENT**

Defendants' relentless attempt to obtain a dismissal with prejudice in this case of the duplicative FDCPA claims asserted in *Hirshberg I*, is nothing more than an attempt to moot the underlying claims in *Hirshberg I*, that are wrapped up in the appeal pending before the Sixth Circuit. After the filing of Plaintiff's appeal, as amended, in *Hirshberg I*, the District Court simply cleaned up the record for appeal formally declaring that the June 25, 2020 Order was a "final order", as if no final order was entered, the Sixth Circuit more than likely would not have appellate

jurisdiction over the appeal. *See* 28 U.S.C. § 1291 ("The courts of appeals . . . have jurisdiction of appeals from all final decisions of the district courts of the United States."). Plaintiff's December 1, 2020 notice of appeal put the District Court on notice of this potential appellate jurisdictional issue. *Hirshberg I,* ECF No. 43, 18-cv-00240 PageID.236 , "[w]hether the District Court's June 25, 2020 Order, citing Rule 6(b)(1)(B) and *Turner v. City of Taylor*, 412 F.3d 629 (6th Cir. 2005), as the basis to deny Plaintiff's motion to reopen the case, was a 'final order'"). To be clear, after the District Court's December 9, 2020 Order, in *Hirshberg I,* Plaintiff has no intention of refiling her meritorious FDCPA case anywhere; she is pursuing whether that claim may proceed at all through the appeals process in *Hirshberg I*.

Rule 15(a)(2) provides, "[o]ther Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This Court has not held a Rule 16 Conference, nor entered any scheduling order and the case before this Court is in its infancy. In *Soulliere v. Berger*, No. 13-cv-12028, 2013 U.S. Dist. LEXIS 149711 (E.D. Mich. Oct. 17, 2013) the court noted:

> Although Plaintiffs clearly were under no obligation to seek leave of Court to amend their Complaint to eliminate the federal claim, which they were entitled to do in this case as of right, had they filed a motion for leave to amend under Rule 15(a)(2), the Court would have granted them leave to amend, which should be 'freely granted' when justice requires, dismissed Count V of the original Complaint and granted the motion to remand. *See Chelten v. Wells Fargo Bank, N.A*., No. 11-12369, 2011 U.S. Dist. LEXIS 94163, 2011 WL 3706624, at *2-3 (E.D. Mich. Aug. 23, 2011) (granting plaintiffs' motion to remand filed with the stated intention of amending complaint to remove federal claim where case was in its very early stages, and dismissing the federal claim without necessity of formal filing of motion to amend).

*Soulliere*, 2013 U.S. Dist. LEXIS 149711 at *8-9 n.1.

This Court should hold the same and grant the motion.

## CONCLUSION

WHEREFORE the reasons stated herein, Plaintiff requests this Honorable Court to grant Plaintiff leave to file an Amended Complaint, Appendix 1, remand it to state court.

>Respectfully submitted,
>/s/ Curtis C. Warner
>   Curtis C. Warner

Curtis C. Warner (P59915)
5 E. Market St.
Suite 250
Corning, NY 14830
(888) 551-8685 (TEL)
cwarner@warner.legal