UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHARINE RODRIGUEZ,

    Plaintiff,

v.

HIRSHBERG ACCEPTANCE CORP., et al.,

    Defendants.
_____/

Case No. 1:20-cv-877

Honorable Hala Y. Jarbou

## **OPINION**

This case is the revived corpse of an older, previously adjudicated matter by the same name: *Rodriguez v. Hirshberg Acceptance Corp.*, 1:18-cv-240 (*Hirshberg I*). In *Hirshberg I*, in this case (*Hirshberg II*), and in state court, Plaintiff made a torrent of improper or untimely filings. The result is a procedural nightmare and a complex web of cases that may not be fully disentwined for months, perhaps years. Plaintiff seeks leave to amend her complaint so that she may drop her sole federal claim and have *Hirshberg II* remanded to state court. (ECF No. 34.) Defendants moved to dismiss that federal claim under Federal Rule of Civil Procedure 12(b)(6), asserting it is barred by *res judicata*. (ECF No. 18.) For the reasons stated below, the Court will grant Defendants' motion and deny Plaintiff's as moot.

### **I. Procedural History**

The straightforward resolution brought by this Opinion belies a complicated procedural history. All that really needs to be known is that Defendants have moved to dismiss Plaintiff's single federal claim in this action, and that Plaintiff later moved to amend her complaint to drop that same claim. The key difference is that Defendants want the claim dismissed with prejudice,

whereas Plaintiff wants the claim dismissed without prejudice.  As it may or may not be useful in the future, the Court will unpack the case's entire past.

*Hirshberg I* began as a class action alleging violations of: (1) the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*; (2) the Michigan Regulation of Collection Practices Act, Mich. Comp. Laws § 445.251 *et seq.*; and (3) Mich. Comp. Laws § 339.915 of the Michigan Occupational Code.  (*Hirshberg I*, First Am. Compl., ECF No. 11.)  It was assigned to Judge Janet T. Neff, District Judge in the Western District of Michigan. *Hirshberg I* was administratively closed in November 2018 pending the resolution of a case before the Sixth Circuit raising questions similar to some that were at issue in *Hirshberg I*.  (*Hirshberg I*, 11/8/2020 Order, ECF No. 27.)  The order closing *Hirshberg I* instructed Plaintiff to file a motion to reopen within fourteen days of the disposition of the Sixth Circuit case.  (*Id.*)  The Sixth Circuit case was decided on February 26, 2020, but Plaintiff did not move to reopen *Hirshberg I* until June 16, 2020. (*Hirshberg I*, Mot. to Reopen, ECF No. 29.)  Plaintiff filed over three months late.  Finding no excusable grounds for the delay, Judge Neff denied the motion to reopen ("June Order"). (*Hirshberg I*, 06/25/2020 Order, ECF No. 35.)

Plaintiff might have moved for reconsideration, as she later did, or appealed the order, as she later did.  Instead, she filed a new complaint – asserting the same FDCPA claim against the same Defendants – in state court.  Defendants removed to federal court (ECF No. 1) and sought dismissal of the FDCPA claim as being barred by *res judicata* and the statute of limitations (ECF No. 18).  Plaintiff filed this new complaint on August 20 and Defendants removed on September 9.  On October 7, Defendants brought their motion to dismiss.  That same day, Plaintiff filed a motion in *Hirshberg I* seeking clarification on whether the June Order was a final adjudication on the merits.  (*Hirshberg I*, Pl.'s Mot. to Clarify, ECF No. 36.)  Alternatively, the motion requested

2

to reopen *Hirshberg I* and consolidate it with *Hirshberg II*. About two months after that, Plaintiff appealed to the Sixth Circuit to determine whether the June Order constituted a final order, and if so, whether issuing such an order was an abuse of discretion. (*Hirshberg I*, Pl.'s Am. Notice of Appeal, ECF No. 43.)

On December 9, 2020, Judge Neff issued an order confirming that her June Order was a final adjudication on the merits and denying Plaintiff's alternative request to reopen *Hirshberg I* and consolidate. (*Hirshberg I*, 12/9/2020 Order, ECF No. 45.) Within hours, Plaintiff filed a notice of dismissal of the FDCPA claim without prejudice in *Hirshberg II* and requested that this Court remand the state claims back to state court. (ECF No. 28.) Defendants objected to Plaintiff's notice, pointing out that the dismissal appeared to be made under Federal Rule of Civil Procedure 41(a)(1)(A)(i), but that rule only permits dismissal of entire actions, not individual claims. (ECF No. 32.) The same day, Plaintiff moved to amend the complaint to drop the FDCPA claim and reiterated the request to have the left-over state claims remanded to state court. (ECF No. 34.) That motion also stated that the previous notice of dismissal was not actually a notice of dismissal made under Rule 41(a)(1)(A)(i). According to Plaintiff, the filing titled "NOTICE of Order; Dismissal Without Prejudice of the Federal Claim Only; and Request to Remand the State Law Claims Back to State Court Where the Complaint was Filed" was a motion to amend the complaint, or perhaps notice that such a motion was forthcoming.

## II. Standard

### A. Failure to State a Claim

When considering a motion to dismiss brought under Rule 12(b)(6), courts must ask whether the plaintiff has alleged "facts that, if accepted as true, are sufficient to raise a right to relief above the speculative level,' and . . . 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausible does not mean probable, but the standard "asks for more than a sheer possibility that a defendant has acted unlawfully . . . . Where a plaintiff pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* (quoting *Twombly*, 550 U.S. at 557). On a motion to dismiss, courts must accept factual allegations as true, but will reject conclusory statements as "not entitled to the assumption of truth." *Id.* (citing *Twombly*, 550 U.S. at 555-56). Hence, courts will ignore conclusory assertions and, accepting well-pleaded factual allegations as true, determine whether the allegations "plausibly give rise to an entitlement to relief." *Id.* Determining the plausibility of a claim is a "context-specific" inquiry, "requiring the reviewing court to draw on its experience and common sense." *Id.* If the court decides that there is no plausible claim to relief, then the motion to dismiss will be granted.

    **B. Leave to Amend**

"A party may amend its pleading once as a matter of course" within 21 days of service. Fed. R. Civ. P. 15(a)(1)(A). Where the 21-day period has elapsed, "[t]he court should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). A "district court may weigh the following factors when considering a motion to amend: undue delay or bad faith in filing the motion, repeated failures to cure previously-identified deficiencies, futility of the proposed amendment, and lack of notice or undue prejudice to the opposing party." *Knight Capital Partners Corp. v. Henckel AG & Co.*, 930 F.3d 775, 786 (6th Cir. 2019).

### III. Analysis

#### A. Defendants' Motion to Dismiss

Defendants bring a motion to dismiss the FDCPA claim under Rule 12(b)(6) on two grounds: (1) the claim is barred by *res judicata*; and (2) the claim is time-barred. Because Defendants prevail on their first argument, the Court will not consider the statute of limitations defense.

*Res judicata* is listed as an affirmative defense under Federal Rule of Civil Procedure 8(c) and is properly raised through a Rule 12(b)(6) motion. Claim preclusion, the form of *res judicata* raised here, "provides that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in a prior action.'" *In re Alfes*, 709 F.3d 631, 638 (6th Cir. 2013) (quoting *Kane v. Magna Mixer Co.,* 71 F.3d 555, 560 (6th Cir. 1995) (internal quotations omitted)). There are four elements of claim preclusion:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Kane*, 71 F.3d at 560.

Each element is met here. The June Order constituted a final decision on the merits in *Hirshberg I* by the Western District of Michigan, a court that had jurisdiction over the FDCPA claim. (*See Hirshberg I*, 12/9/20202 Order, PageID.242 (June Order was a final adjudication on the merits).) *Hirshberg II* features the same plaintiff bringing the same FDCPA claim from *Hirshberg I* against the same defendants from *Hirshberg I*. The FDCPA claim was actually litigated between the same parties in *Hirshberg I*. There is an identity of causes of action here because there is an "identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Sanders Confectionary Products, Inc. v. Heller Fin., Inc.*, 973 F.2d 474,

5

484 (6th Cir. 1992) (quoting *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981)) (internal quotations omitted).  The FDCPA claim in *Hirshberg II* is a duplicate of the FDCPA claim in *Hirshberg I* and thus based on the same facts creating the right of action and requiring the same evidence to sustain the action brought in the previous case.  Plaintiff's FDCPA claim is barred by *res judicata* and subject to dismissal with prejudice.

### B. Plaintiff's Motion to Amend the Complaint

Disposition of Defendants' motion to dismiss renders Plaintiff's motion to amend moot.  If the motion were granted, Plaintiff would amend her complaint to drop the FDCPA claim, leaving only state law claims to be remanded to state court.  After granting Defendants' motion, the FDCPA claim will be dismissed and the Court will decline to exercise supplemental jurisdiction over the state claims and remand to state court.  Therefore, there is no need to address the substance of Plaintiff's motion.  The motion for leave to amend the complaint will be denied.

### C. Supplemental Jurisdiction

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 551 U.S. 375, 377 (1994).  By statute, federal district courts are granted original jurisdiction over all "civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Except in narrow instances, federal courts lack jurisdiction to adjudicate claims based in state law.  *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966).  Federal courts may exercise supplemental jurisdiction over state claims where the court has original jurisdiction with respect to some claims and the state claims "are so related to claims in the action within . . . original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  Relatedness exists where "the state and federal claims . . . derive from a common nucleus of operative fact."  *Gibbs*, 383 U.S. at 725.

6

Where, as here, adjudication of a pre-answer motion to dismiss leaves the plaintiff without any federal causes of action, courts should not exercise supplemental jurisdiction over the state claims.[1] *See Gibbs*, 383 U.S. at 726 ("[I]f the federal claims are dismissed before trial . . . the state claims should be dismissed as well."). Because this court will dismiss Plaintiff's FDCPA claim, it will not exercise jurisdiction over any of Plaintiff's state law claims. Therefore, the state law claims will be remanded to the 8th Circuit Court in Michigan, where the present action originated.

## IV. Conclusion

The Court is aware that Defendants have moved for sanctions against Plaintiff's counsel. That motion will not be decided here. Plaintiff's FDCPA claim is barred by *res judicata* and must be dismissed with prejudice. As such, there is no need to address her motion to amend the complaint. For the reasons stated, Defendants' motion to dismiss the FDCPA claim (ECF No. 18) will be granted, and the claim will be dismissed with prejudice. Plaintiff's motion to amend/correct the complaint (ECF No. 34) will be denied. The remaining state law claims will be remanded to state court. An order will enter consistent with this Opinion.

Dated:  December 18, 2020          /s/ Hala Y. Jarbou
                                   HALA Y. JARBOU
                                   UNITED STATES DISTRICT JUDGE

---

[1] There is no diversity jurisdiction here, as all parties are citizens of Michigan. (Compl., ECF No. 1-3.) Moreover, the parties have not argued or given the Court reason to find that the Court has diversity jurisdiction.