## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KATHRYN RODRIGUEZ, *individually*
*and on behalf of similarly situated persons,*

      Plaintiff,

v.

HIRSHBERG ACCEPTANCE CORP.,

      Defendant.

Case No. 1:18-cv-240

**HON. JANET T. NEFF**

_____

KATHRYN RODRIGUEZ, individually, and
KATHRYN RODRIGUEZ, on behalf of similarly
situated persons,

      Plaintiff,

v.

HIRSHBERG ACCEPTANCE CORP., and
MODERN FINANCIAL SERVICES, CORP.,

      Defendants.

Case No. 1:20-cv-877

**HON. JANET T. NEFF**

_____/

## ORDER GRANTING PRELIMINARY
## APPROVAL OF CLASS ACTION SETTLEMENT

    These consolidated Actions involve claims relating to alleged unfair debt

collection practices under the Fair Debt Collection Practices Act ("FDCPA")

as a Rule 23 class action.

The terms of the Settlement are set out in the Settlement Agreement fully executed as of October 11, 2023 (the "Agreement" or "Settlement Agreement"), by the Named Plaintiff, Kathryn Rodriguez ("Plaintiff"), and Defendants Hirshberg Acceptance Corp. ("Hirshberg") and Modern Financial Services, Corp. ("Modern") (jointly, "Defendants").

Pursuant to the parties' Agreement, the Court has preliminarily considered the settlement to determine, among other things, whether the settlement is sufficient to warrant the issuance of notice to members of the proposed Settlement Class. As discussed below, the Court preliminarily approves the Parties' settlement and sets the following schedule for the further approval and administration of the settlement:

| Event | Date |
|-------|------|
| Deadline for CAFA Notice mailing | Within 3 business days after Preliminary Approval. |
| Defendants shall transfer the Gross Settlement Amount to an escrow account. | Within 5 business days after Preliminary Approval. |
| Defendants' Counsel shall mail to all Class Members the Class Notice Form. | Within 7 calendar days after Preliminary Approval. |

| | |
|---|---|
| Deadline for Class Counsel to file his Motion for Attorney's Fees and Costs | No later than 46 days after Notice is Sent |
| Deadline for Class Members to submit exclusion requests or objections to the Settlement. | Within 60 days after Notice is sent. |
| Deadline for Parties to file responses to objections. | Within 10 days after objection deadline. |
| Deadline for objectors to file replies in support of objections. | Within 3 days after response deadline. |
| Class Counsel shall file Motion for Final Approval. | At least 7 calendar days before Final Approval Hearing. |
| Final Approval Hearing and Entry of Final Approval Order. | **February 21, 2024 at 1:30 PM** |
| Effective Date | 31 days after Final Approval. |
| Deadline for Defendants' Counsel to deliver attorneys' fees, litigation expenses, and incentive award to Class Counsel. | Within 7 calendar days after Effective Date. |
| Deadline for Defendants' Counsel to mail individual payments to Class Members. | Within 14 calendar days after Effective Date. |

Upon reviewing the Settlement Agreement submitted by the parties seeking preliminary approval of the Settlement, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.    **Class Findings:** Solely for the purposes of the Settlement, the Court

finds that the requirements of the Fed. R. Civ. P. 23, the Constitution of the United States, the Rules of this Court, and any other applicable law have been met as to the Settlement Class defined in paragraph 2 below, in that:

(a) The Court preliminarily finds, for purposes of settlement only, that Plaintiff has standing to represent the Settlement Class because they have potentially suffered damages and are members of the Settlement Class;

(b) The Court preliminarily finds, for purposes of settlement only, that, as required by Fed. R. Civ. P. 23 the Settlement Class is ascertainable from records kept by Defendants, and that the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable;

(c) The Court preliminarily finds, for purposes of settlement only, that, as required by Fed. R. Civ. P. 23 there are one or more questions of fact and/or law common to the Settlement Class;

(d) The Court preliminarily finds, for purposes of settlement only, that, as required by Fed. R. Civ. P. 23 the claims of the Plaintiff are typical of the claims of the Settlement Class;

(e) The Court preliminarily finds, for purposes of settlement only, that, as required by Fed. R. Civ. P. 23 the Plaintiff will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Plaintiff and the nature of her alleged claims are consistent with those of the members of the Settlement Class, (ii) there appear to be no conflicts between or among the Plaintiff and the Settlement Class, and (iii) the Plaintiff and the members of the Settlement Class are represented by qualified, reputable counsel who is experienced in preparing and prosecuting large, complex class actions; and

(f) The Court preliminarily finds, for purposes of settlement only, that, as required by Fed. R. Civ. P. 23 and upon consideration of the factors enumerated in Fed. R. Civ. P. 23, maintaining the Plaintiff's claims as a class action is superior to other available

means of adjudication in promoting the convenient administration of justice.

2.    **Class Certification –** The Court, in conducting the settlement approval process required by Fed. R. Civ. P. 23 certifies, for purposes of settlement only, the following Settlement Class:

> *All individuals who were served with a writ of garnishment in a Michigan state court collection proceeding, from March 8, 2017 until entry of the Preliminary Approval Order, where Hirshberg was the judgment creditor and the rate of post-judgment interest charged exceeded the Michigan statutory rate.*

Further, the Court appoints the named Plaintiff as representative for the Settlement Class and appoints Curtis C. Warner as Class Counsel for the Plaintiff and the Settlement Class. This certification of a preliminary Settlement Class pursuant to the terms of the Settlement Agreement shall not constitute and does not constitute, and shall not be construed or used as an admission, concession, or declaration by or against the Defendants, that (except for the purposes of the Settlement) this Action or any other action is appropriate for class treatment under Fed. R. Civ. P. 23.

3.    **Preliminary Findings Regarding Proposed Settlement –** The Court preliminarily finds that (i) the proposed Settlement resulted from extensive arm's-length negotiations, (ii) the Settlement Agreement was executed only after Class Counsel had conducted appropriate investigation and fact-finding regarding the strengths and weaknesses of the Plaintiff's claims, (iii) Class Counsel, having

substantial experience in FDCPA class action cases, concluded that the proposed Settlement is fair, reasonable and adequate, and (iv) the proposed Settlement is sufficiently fair, reasonable and adequate to warrant sending notice of the proposed Settlement to the Settlement Class. Having considered the essential terms of the Settlement Agreement under the recommended standards for preliminary approval of settlements as set forth in relevant jurisprudence, the Court finds that those whose claims would be settled, compromised, dismissed and/or released pursuant to the Settlement must be given notice and an opportunity to be heard regarding final approval of the Settlement and other relevant matters.

4.     **Class Notice:** The Plaintiff and Class Counsel have presented to the Court proposed a Class Notice, attached as Appendix 1 to the Settlement Agreement. The Court finds that the Class Notice satisfies the requirements of Fed. R. Civ. P. 23 as it fairly and adequately: (a) describes the terms and effect of the Settlement Agreement, the settlement and the plan of allocation, (b) notifies the Settlement Class that Class Counsel will seek attorneys' fees and expenses in the amount of $65,000.00, and an incentive award of $1,250.00 for the named Plaintiff for her service in such capacity, (c) give notice to the Settlement Class of the time and place of the Fairness Hearing, and (d) describe how the recipients of the class notice may object to any of the relief requested. Plaintiff and Class Counsel have proposed first class mail to communicate the notice to members of the Settlement

Class, and the Court finds that such proposed manner is the best notice practicable under the circumstances. By no later than the date set forth in the schedule above, Defendants' Counsel shall cause the proposed class notice, attached as Appendix 1 to the Settlement Agreement, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be sent by U.S. Mail to the last known address of each member of the Settlement Class.

5.    **Attorneys' Fees and Costs and Named Plaintiff Incentive Award**

The Court preliminarily approves Class Counsel's request for an award of fees and litigation expenses in the amount of $65,000 as fair and reasonable. Further, the Court preliminarily approves the proposed named Plaintiff's incentive award in the amount of $1,250 as fair and reasonable. Both of these preliminary rulings are subject to final review and approval upon the Court's review of Class Counsel's Motion for Final Approval and consideration of any timely objection from a member of the Settlement Class.

6.    **Objections to Settlement:** Any member of the Settlement Class who wishes to object to the fairness, reasonableness or adequacy of the settlement, or to any term of the Settlement Agreement may file an objection. Written objections must: (1) set forth the grounds for the objection; (2) include the name of objector, and be signed and dated; and (3) be mailed or emailed to Defendants' Counsel, Class Counsel or the Court pursuant to the instructions in the Class Notice and postmarked

no later than 60 days after notice is sent to the class member. The addresses for sending objections with the Court and service on counsel are as follows:

Upon Class Counsel at:

Curtis C. Warner
85 Denison Parkway E. #186
Corning, NY 14830
cwarner@warner.legal

Upon Defendants' Counsel at:

MADDIN HAUSER ROTH & HELLER, P.C.
Kathleen H. Klaus
28400 Northwestern Highway, 2nd Floor
Southfield, Michigan 48034
kklaus@maddinhauser.com

Any objector or his, her, or its counsel (if any) must file it with the Court, or send to either counsel for the parties, by no later than the date set forth in the schedule above. If an objector hires an attorney to represent him, her, or it for the purposes of making such objection pursuant to this paragraph, the attorney must file it with the Court, by no later than the date set forth in the schedule above. Any member of the Settlement Class or other person who does not timely file or send a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement (in this proceeding, on any appeal or in any other proceedings), and any untimely objection shall be barred absent an Order from this Court.

7.    **Final Approval Brief and Fee Petition:** Counsel shall file their

Motion for Final Approval and Attorneys' Fees no later than the date set forth in the schedule above.

8.    **Fairness Hearing:** A hearing is scheduled for the date set forth in the schedule above at the U.S. District Courthouse, Western District of Michigan, 401 Federal Bldg., 110 Michigan St. NW, Grand Rapids, MI 49503 (the "Fairness Hearing") to determine, among other things:

(a)    Whether the Settlement merits final approval as fair, reasonable and adequate;

(b)    Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;

(c)    Whether the notice method provided by the Parties: includes: (1) a description of the settlement class; (2) a description of the proposed settlement; (3) the names of counsel for the class; (4) a fairness hearing date; (5) a statement of the deadlines for filing objections to the settlement, and for filing requests of exclusion; (6) the consequences of such exclusion; (7) the consequences of remaining in the settlement class; (8) a statement of the attorneys' fees and litigation expenses sought; and (9) information on how to obtain further information;

(d)    Whether Class Counsel adequately represented the Settlement Class for purposes of entering into the Settlement;

(e)    Whether the Court's preliminary finding that Class Counsel's fee award and litigation expense reimbursement award is reasonable in this case should receive final approval; and

(f)    Whether the Court's preliminary finding that the proposed named Plaintiff's incentive award is reasonable should receive final approval.

9.    **Appearance at Fairness Hearing:** If any objector files and serves a

timely and valid written objection in accordance with the requirements above and the Court sets a hearing, they may appear at the Fairness Hearing either in person or through qualified counsel retained at their own expense. Objectors or their attorneys intending to appear at the Fairness Hearing must effectuate service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney), and information sufficient to show that the objector is a member of the Settlement Class, on Class Counsel and Defendants' counsel (at the addresses set out above) and file it with the Court Clerk by no later than the date set forth in the schedule above. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except by Order of this Court. Appearances may be done by Zoom with permission of the Court.

10.    **Class Notice Expenses:**    The expenses of printing and mailing all notices required hereby shall be paid as described in the Settlement Agreement.

11.    **Service of Papers:** Defendants' Counsel and Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession and shall electronically file a copy of them with the Court.

12.    **Termination of Settlement:** This Order shall become null and void, *ab initio,* and shall be without prejudice to the rights of the Parties, all of whom shall

be restored to their respective positions prior to the settlement, if the settlement is terminated in accordance with the terms of the Settlement Agreement or otherwise fails to become final and binding on the Parties, inclusive of any appeal.

13.     **Jurisdiction:** Pursuant to the Settlement Agreement entered into by the parties, the Court hereby retains jurisdiction for purposes of implementing the settlement and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the settlement as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

14.     **Bar Order:** Pending final determination of whether the settlement should be approved, Plaintiff, Defendants and all members of the Settlement Class are each hereby barred and enjoined from instigating, instituting, commencing, maintaining or prosecuting any action in any court or tribunal that asserts any Released Claims against any released party, as those terms are defined in the Settlement Agreement.

15.     **Continuance of Hearing -** The Court reserves the right to continue the Fairness Hearing without further written notice.

This Order does not resolve the last pending claim or close the case.

SO ORDERED on this day of ____October 17, 2023____.


____/s/ Janet T. Neff_____
HON. JANET T. NEFF