**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KATHRYN RODRIGUEZ, *individually and on behalf of similarly situated persons,*

Plaintiff,

v.

HIRSHBERG ACCEPTANCE CORP.,

Defendant.

Case No. 1:18-cv-240

**HON. JANET T. NEFF**

---

KATHRYN RODRIGUEZ, individually, and KATHRYN RODRIGUEZ, on behalf of similarly situated persons,

Plaintiff,

v.

HIRSHBERG ACCEPTANCE CORP., and MODERN FINANCIAL SERVICES, CORP.,

Defendants.
______________________________/

Case No. 1:20-cv-877

**HON. JANET T. NEFF**

## PLAINTIFF'S *UNOPPOSED* MOTION AND BRIEF IN SUPORT FOR PLAINTIFF'S AWARD, ATTORNEY'S FEES AND COSTS

NOW COMES, Plaintiff Kathryn Rodrigues, by and through her undersigned counsel, and hereby submits her motion an award of $1,250 for an award of reasonable attorney's fees and costs, totaling $65,000, which is the amount provide for in the parties' settlement agreement. ECF No. 67-1, PageID.337-338. As the total amount sought does not exceed, $65,000 "Defendants agree not to object to Class Counsel's Fee and Expense Application." Id. at PageID.338.

The loadstar amount of Plaintiff's counsel is $147,820 and costs advanced to Plaintiff was $2,411.26, totaling a $150,231.26 amount, which is well above the $65,000 amount of attorney's fees and costs provided for in the Settlement Agreement.

Plaintiff is making this motion within forty-six days of the notice to the settlement class being sent, in order to afford the settlement class members the opportunity, if they so want to inquire, of the basis of the amounts sought, to object to this petition and for the Court to be able to consider any objections, or the lack thereof, in determining whether the amounts sought are fair, reasonable and adequate.

WHEREFORE the reasons stated herein, Plaintiff requests this Court to approve an award to Plaintiff of $1,250, and an award for reasonable attorney's fees and costs in the amount of $65,000.

**PLAINTIFF'S MEMORANDUM IN SUPPORT**

**INTRODUCTION**

On March 7, 2018, Plaintiff filed a putative class action alleging that Hirshberg Acceptance Corporation violated various provisions of the Fair Debt Collection Practices Act, primarily that the rate of interest sought in Hirshberg's writs of garnishment included an amount of interest not allowed under Michigan's postjudgment statute. Due to a series of rulings in 18-cv-240 and 20-cv-877, the Plaintiff appealed to the United States Court of Appeals for the Sixth Circuit, who reversed and remanded these federal cases to the Western District of Michigan for further proceedings. *Rodriguez v. Hirshberg Acceptance Corp.,* 62 F.4th 270 (6th Cir. 2023). Through an arms-length settlement conference with Magistrate Judge Berens, these consolidated cases settled on the material terms set forth in the latter fully integrated written settlement agreement. The agreement, which also includes Modern Financial Services Corporation ("MFSC"),

Hirshberg's law firm who filed the subject garnishments, provides relief to the class in both economic terms and equitable relief, including Hirshberg and MFSC correcting the rate of interest if it attempts any future collections on the judgements it obtained.

In support of this petition, Mr. Golden, who has been permitted by his current employer to seek attorney's fees for work performed prior to his current employment, and Mr. Warner, submit their Declarations, their time and the costs advanced to Plaintiff related to these two federal cases. (Appendix 1, Mr. Golden); (Appendix 2, Mr. Warner). Plaintiff's counsel here seeks a total amount of $65,000 under the terms of the settlement agreement for their attorney's fees and costs. Plaintiff avers that the lodestar amount for Mr. Golden is $17,955 (Appendix 1), and Mr. Warner is $129,865, (Appendix 2), and costs paid by counsel and advanced to Plaintiff totals $2,869.36. *Id.* The agreed upon amount of $65,000 is less than the total of Plaintiff's counsel's lodestar amount alone.

## ARGUMENT

### I. Approving a Payment to Plaintiff of $1,250 is Reasonable

The Settlement Agreement provides that separate of the Settlement Fund, Other Proceeds, that there is to be a payment to Plaintiff of $1,250, if permitted by this Court. ECF No. 67-1.

Class representatives can receive modest compensation, an "incentive fee" or "incentive award", for what usually are minimal services in the class action suit even though class counsel manages the case. *See Espenscheid v. DirectSat USA, LLC*, 688 F.3d 872, 876-77 (7th Cir. 2012); Theodore Eisenberg & Geoffrey P. Miller, Incentive Awards to Class Action Plaintiffs: An Empirical Study, 53 UCLA L. Rev. 1303, 1308 (2006); *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1080 (7th Cir. 2013). "Incentive awards are appropriate if compensation would be necessary to induce an individual to become a named plaintiff in the suit." *Montgomery v. Aetna*

*Plywood, Inc*., 231 F.3d 399, 410 (7th Cir. 2000) (*citations omitted*). Where the settlement agreement between the parties allocates specific funds for an incentive award, the Court can make such an award. *See Hadix v. Johnson,* 322 F. 3d 895, 897-98 (6th Cir. 2003).

Under the FDCPA, a named Plaintiff can receive an award of statutory damages up to $1,000. 15 U.S.C. § 1692k(a)(2)(A). In this case, Plaintiff assisted counsel in preparing the Complaint and was involved in the settlement conference with Magistrate Judge Berens that led to the Settlement Agreement between the parties. Due to Plaintiff's public benefits that she now received, she is seeking the approval of only $1,250. $1,250 is an amount below amounts that have been found to be reasonable as part of a class action settlement. *See e.g. Loveday v. Financial Asset Management Systems, Inc*., 2:18-cv-10218-GAD-MKM, ECF No. 33, (E.D. Mich. May 24, 2019) ($2,500); *Knuckles v. Mary Jane Elliott, P.C.,* Case No. 15-10175, 2016 U.S. Dist. LEXIS 94858 (E.D. Mich. July 20, 2016) (same); *See also e.g. Dilallo et al. v. Miller and Steeno, P.C., et al.,* 16-cv-51, Doc. #: 127 (N.D. Ill. Mar. 16, 2018) (same); *see also Gross v. Wash. Mut. Bank, F.A.,* 02 CV 4135, 2006 U.S. Dist. LEXIS 16975 * 15-19 (E.D.N.Y. Feb. 8, 2006) ($5,000); *see also Jallo v. Resurgent Capital Servs., L.P.,* 4:14-cv-00449, 2017 U.S. Dist. LEXIS 137294 * 6, 2017 WL 914291 (E.D. Tex. Mar. 17, 2017) ($1,000 in statutory damages, $4,000 incentive award); *see also Tait v. BSH Home Appliances Corp.,* Case No.: SACV 10-0711-DOC (ANx), 2015 U.S. Dist. LEXIS 98546 * 46-48, 2015 WL 4537463 (C.D. Cal. July 27, 2015) (same).

## II. The Amount Provided for Under the Settlement for Attorney's Fees and Costs, Totaling $65,00 Should be Awarded in Full

Plaintiff seeks to have the Court award her attorneys the amount provided under the parties' settlement agreement, $65,000, as reasonable attorney's fees, utilizing the lodestar method, and for an award of the reasonable costs related to these consolidated cases. This amount is separate of the class Settlement Fund. This Court has previously approved a $105,000 class settlement

attorney's fees and cost petition involving Plaintiff's same counsel here, Mr. Golden and Mr. Warner. *Schafer v. Allied Interstate LLC,* 1:17-cv-00233-JTN-SJB, ECF No. 272, PageID.2550 (W.D. Mich. July 7, 2021).

This case has a long history. During the reporting time for the State Bar of Michigan, Economic of Law Practice in Michigan, 2017, Mr. Warner was in the 75th percentile for income reported by Michigan licensed consumer attorneys overall. (Exhibit A, Warner Decl. ¶ 20). Looking beyond the median hourly rate set forth in the Economics of Law Practice in Michigan is permissible in determining what is a reasonable hourly rate in fee shifting cases like this were the attorney does not bill the client. For example, in considering the "standard rate" for Social Security appellate work in the Eastern District of Michigan have relied on the 95th percentile figure for hourly billing rates for public benefits attorneys as reported by the State Bar of Michigan. *E.g Sykes v. Comm'r of Soc. Sec.,* 144 F. Supp. 3d 919, 925-926 (E.D. Mich. 2015) (Lawson, J.) (citing State Bar of Michigan, Economics of Law Practice in Michigan, at 11 (2014), http://www.michbar.org/pmrc/articles/0000152.pdf.) (finding hypothetical rate of $620.54 per hour to be reasonable); *see also Drenning v. Comm'r of Soc. Sec.*, No. 12-13470, 2014 U.S. Dist. LEXIS 132221 *11-12, 2014 WL 4705113 (E.D. Mich. Sept. 21, 2014) (Cook, J.) ($691 per hour).

Mr. Golden has been practicing law in Michigan since 2007. Mr. Golden, at all times relevant to the fee petition, was a solo practitioner who provided legal representation focused on disabled and economically disadvantaged individuals in rule and impoverished areas of Michigan. (Appendix 1, Golden Decl. ¶ 6). Mr. Golden has been working as co-counsel with Mr. Warner in several FDCPA cases. (Id. ¶ 8). Mr. Golden has charged and been paid $330 - $350 per hour for consumer work in federal court cases. (Id. ¶ 9). $350 would be a reasonable hourly rate for Mr. Golden's lodestar calculation.

Given Mr. Warner's extensive experience in the area of consumer law, his prior fee awards, including a decade old, 2011 contested fee petition in the Western District of Michigan, that $300 per hour was reasonable for Mr. Warner, and that his 2017 income level fell within the 75th percentile for Michigan licensed consumer attorneys under the State Bar of Michigan, Economic of Law Practice in Michigan, 2017, (Appendix B, *in passim*), Mr. Warner avers that an hourly rate of $400 per hour for pre-2020 work, $425 for work done in 2020 and 2021, and $450 for work for 2022 to the present, should be applied.

"[T]rial courts need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838, 131 S. Ct. 2205, 180 L. Ed. 2d 45 (2011). "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Id.* "So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*; *but see United Slate, Tile & Composition Roofers Ass'n Local 307 v. G. & M. Roofing & Sheet Metal Co.,* 732 F.2d 495, 502 n.2 (6th Cir. 1984). ("the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation.")

In *O'Brien v. City of Benton Harbor*, No. 1:14-CV-598, 2017 WL 700214 (W.D. Mich. Feb. 22, 2017) (Neff, J.), this Court stated:

> The methodology for determining a reasonable attorney fee award begins with the "lodestar" calculation: the proven number of hours reasonably expended on the litigation multiplied by the court-ascertained reasonable hourly rate. *Jordan v. City of Cleveland*, 464 F.3d 584, 602 (6th Cir. 2006); *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Circ. 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).
>
> *O'Brien,* 2017 WL 700214 at * 2.

There is a "strong presumption" that the lodestar method yields a reasonable fee. *Perdue v. Kenny A ex rel. Winn*, 559 U.S. 542, 554, 130 S. Ct. 1662, 176 L. Ed. 2d 494 (2010). A reasonable hourly rate is calculated by taking into consideration the prevailing market rates in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).

Court's prior fee awards provides are persuasive evidence of the market rate, but not dispositive. *Maddox v. Lodestar Energy, Inc.*, 762 F. App'x 269, 272 (6th Cir. 2019); *Ray v. Sec'y of the HHS*, No. 04-184V, 2006 U.S. Claims LEXIS 97 *30 (Fed. Cl. Mar. 30, 2006) (same). Mr. Warner's hourly rate for an FDCPA case in the Eastern District of Michigan, was last approved in 2019, finding $400 per hour to be reasonable. *McClain v. Hanna*, 19-10700-TGB-EAS, 2019 U.S. Dist. LEXIS 193350 (E.D. Mich. Aug. 23, 2019) *adopted by, in part, modified by, objection overruled by, in part, objection sustained by, in part*, 2019 U.S. Dist. 222691, at * 8 (E.D. Mich. Dec. 30, 2019) ("The Court therefore finds Warner should be compensated for 23.7 hours of attorney time. According to the lodestar method, multiplying 23.7 hours by Warner's hourly rate of $400—which this Court finds reasonable—Warner will be awarded $9,480.00 in attorney's fees.") Mr. Warner's last finding of an hourly in the Western District of Michigan in a contested FDCPA case was in *Burton v. RAB Performance Recoveries L.LC.,* 1:11-CV-261, Doc #51, Opinion and Order, p. 5 (W.D. Mich. Nov. 7, 2011) ($300 per hour).

Federal Courts within in Michigan accept the State Bar of Michigan, Economic of Law Practice in Michigan report in their calculation of what is a reasonable hourly rate to apply in calculating the lodestar amount for an attorney. *See Lamar Adver. Co. v. Charter Twp. of Van Buren*, 178 Fed. App'x. 498, 501-02 (6th Cir. 2006) (unpublished); *Hemlock Semiconductor Corp. v. Solarworld Industries Sachsen GmbH*, 13-cv-11037, 2016 WL 6471192, at *2 (E.D. Mich. Nov.

2, 2016) (*quoting Smith v. Khouri*, 481 Mich. 519, 533, 751 N.W.2d 472, 475 (Mich. 2008)) ("In determining customary rates, 'Michigan Courts rely on 'testimony or empirical data found in surveys or other reliable reports,' like the State Bar of Michigan's Economics of the Law Practice Surveys.'"). Indeed, it is the benchmark for determining reasonable hourly rates. *Hazzard v. Schlee & Stillman, LLC*, 2014 WL 117411, at *3 (E.D. Mich. Jan. 13, 2014), *adopted*, 2014 WL 634205 (E.D. Mich. Feb. 18, 2014).

In arriving at Mr. Warner's reasonable hourly rate of $400 in 2019, the Court in *McClain* took into consideration The State Bar of Michigan, Economic of Law Practice in Michigan and the 75th Percentile for Consumer Law. *McClain,* 2019 WL 5680577 at * 3.

The State Bar of Michigan, Economic of Law Practice in Michigan, 2017 Hourly Billing Rates by Field of Practice, Consumer Law, indicates the following statewide hourly rates: Mean $322, 75th Percentile $400, and 95th Percentile $600. https://www.michbar.org/file/pmrc/articles/0000154.pdf , p. 9 (visited Nov. 12, 2023).

In 2020, the State Bar of Michigan updated the Economics of Law Practice in Michigan. *Available at https://www.michbar.org/file/pmrc/articles/0000156.pdf* (visited Nov. 12, 2023). The 2020 report raised the 75% percentile of Consumer law (including lemon law) to $425 per hour and the mean was raised to $336 per hour. *Id.* at p. 10.

In 2023, the State Bar of Michigan updated the Economics of Law Practice in Michigan. *Available at http://www.michbar.org/file/pmrc/pdfs/EoL_Report23.pdf* (visited Nov. 12, 2023). The 2023 report raised the 75% percentile of Consumer law (including lemon law) to $450 per hour and the mean was raised to $330 per hour. *Id.* p. 10.

Hourly rates go up over time. *See e.g. Michigan Carpenters Counsel Health & Welfare Fund v. Charles J. Rogers Constr. Co.*, No. G83-582 CAS, 1988 U.S. Dist. LEXIS 17836 * 22

(W.D. Mich. Dec. 23, 1988) (*citing* Economics of Law Practice in Michigan, 67 Mich. B.J. (special supplement) at 21-23 (November 1988) (noting that from 1984 to 1988 there was a 23% increase in the hourly rate for Michigan labor lawyers).

Plaintiff's counsel's loadstar amount is as follows:

| **Attorney** | **Hours** | **Rate** | **Lodestar Amount** |
|---|---|---|---|
| Tom Golden | 51.3 | $350 | $17,955 |
| Curtis Warner (Pre-2020) | 11.4 | $400 per hour | $4560 |
| Curtis Warner (2020-2021) | 117.8 | $425 per hour | $50,065 |
| Curtis Warner (2022- Current) | 167.2 | $450 per hour | $75,240 |
| **TOTAL LODESTAR** | | | **$147,820** |

Again, there is a "strong presumption" that the lodestar method yields a reasonable fee, *Perdue*, 559 U.S. at 554.

**B. The Reasonableness of the Time Spent**

Plaintiff's counsel utilized billing judgment, eliminating double billing of communications between Plaintiff's counsel, and are not seeking time related to the pending state court matter. All of these litigation activities relate directly to this case, serving as the backbone of Plaintiff's successful appeal to the United States Court of Appeals for the Sixth Circuit, which upon remand quickly lead to the Settlement Agreement. Hirshberg has demonstrated that they are committed to vigorously defending themselves before this Court and on any appeals to the United States Court of Appeals for the Sixth Circuit, thus requiring Plaintiff's counsel to expend attorney time.

## III. Costs

"Costs" awarded under the FDCPA included monies advanced by the attorney to the client. *See Gradisher v. Check Enforcement Unit, Inc.* No. 00-cv-401, 2003 U.S. Dist. LEXIS 753 * 24-

25, 2003 WL 187416 (W.D. Mich. Jan. 22, 2003) (*quoting LeBlanc-Sternberg v. Flether*, 142 F. 3d 748, 763 (2d Cir. 1998)) ("Attorney's fees include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients"); *O'Brien,* 2017 WL 700214, at *5 (*citations omitted*) ("'The court has discretion to award to the prevailing party those out-of-pocket expenses that would normally be charged to a fee-paying client, including paralegal fees, as long as these are billed to the client in the ordinary course of business.'") ; *see also Giovannoni v. Bidna & Keys*, 255 Fed. Appx. 124, 2007 WL 3283611, at *2 (9th Cir. 2007) (applying *Chalmers v. City of Los Angeles*, 796 F.2d 1205 (9th Cir. 1986) to request for costs under § 1692k(a)(3)).

Plaintiff has been advanced a total of $2,869.36 related to the federal litigation, Mr. Golden, though his former law firm, advanced to Plaintiff $458.10 in costs, (Appendix A), and Mr. Warner, through his former law firm and later via his solo proprietorship, advanced Plaintiff $2,411.26. (Appendix B).

**CONCLUSION**

The loadstar amount of Plaintiff's counsel is $147,820 and costs advanced to Plaintiff was $2,411.26, totaling a $150,231.26 amount, which is well above the $65,000 amount of attorney's fees and costs provided for in the Settlement Agreement.

**WHEREFORE** the reasons stated herein Plaintiff requests this Honorable Court to as part of the Final Order to approve a payment to Plaintiff of $1,250 and a total award of $65,000 in reasonable attorney's fees and costs as provided for in the Agreement.

Respectfully submitted,
/s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner (P59915)
85 Denison Parkway E. #186
Corning, NY 14830
(607) 438-3011
cwarner@warner.legal